UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

DAVID OBAL,

                            Plaintiff,           14 Civ. 2463

  -against-                                 OPINION

DEUTSCHE BANK NATIONAL TRUST COMPANY AS
TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN
TRUST 2004-9, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-9; MORGAN STANLEY
MORTGAGE LOAN TRUST 2004-9, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2004-9;
THE CERTIFICATEHOLDERS OF MORGAN STANLEY
MORTGAGE LOAN TRUST 2004-9, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2004-9;
MORGAN STANLEY CAPITAL 1, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
ROES 1-10 AND DOES 1-10, inclusive,
representing a class of unknown persons who
claim or have the right to claim an interest
in certain real property located in
Henderson, Nevada,

                            Defendants.
------------------------------------------------X

A P P E A R A N C E S:

    **Pro Se**

    DAVID OBAL
    405 Groft Way
    Henderson, NV 89015

    **Attorneys for Defendants**

    HOGAN LOVELLS US LLP
    875 Third Avenue
    New York, NY 10022
    By:  Lisa J. Fried, Esq.
         Adam R. Feeney, Esq.

**Sweet, D.J.**

Plaintiff David Obal, appearing <u>pro se</u>, ("Obal" or "Plaintiff") moves for reconsideration of this Court's dismissal of his Verified Amended Complaint (the "AC") against Defendants Deutsche Bank National Trust Company as Trustee for the Morgan Stanley Mortgage Loan Trust 2004-9, Mortgage Pass-Through Certificates, Series 2004-9 (the "Trust") and Mortgage Electronic Registration Systems, Inc. ("MERS" and, together with the Trust, "Defendants"). Based on the conclusions set forth below, Plaintiff's motion is denied.

**Prior Proceedings**

A detailed recitation of the facts of the underlying case is provided in this Court's opinion dated February 13, 2015, which granted Defendants' motion to dismiss Plaintiff's verified amended complaint. <u>See</u> <u>Obal v. Deutsche Bank Nat. Trust Co.</u>, No. 14 CIV. 2463, 2015 WL 631404, at *1 (S.D.N.Y. Feb. 13, 2015) (hereinafter "February Opinion"). Familiarity with those facts is assumed.

1

Following dismissal of his complaint, Plaintiff filed the instant motion for reconsideration, which was marked fully submitted on April 16, 2015.

**Plaintiff Fails to Meet Reconsideration Standard**

Under Local Rule 6.3, a court may grant reconsideration where the moving party demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); see also Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). However, reconsideration of a court's prior order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citations omitted). Accordingly, the standard of review applicable to such a motion is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff has provided no intervening change in controlling law, new evidence, clear error, or manifest

2

injustice either in his moving papers or his memorandum of law. "[W]hen [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, those proceeding pro se "generally are required to inform themselves regarding procedural rules and to comply with them." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)); see also Azkour v. Haouzi, No. 11 Civ. 5780(RJS)(KNF), 2012 WL 3561071 (S.D.N.Y. Aug. 17, 2012) ("The Court's obligation to construe a pro se litigant's pleadings liberally has nothing to do with the pro se litigant's independent obligation to 'inform [himself] regarding procedural rules and to comply with them.'").

Plaintiff's memorandum in support of the instant motion largely restates the arguments made in opposition to the motion to dismiss. Compare Pl.'s Mem. in Supp't of Motion for Reconsideration (hereinafter "Pl.'s Mem. in Supp't") 7-15 with Pl.'s Mem. in Opp'n to Motion to Dismiss 6-13. Plaintiff attempts to distinguish the Second Circuit's Rajamin opinion, which he did not address in opposition to Defendants' motion to dismiss. Pl.'s Mem. in Supp't 2 (referencing Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 92 (2d Cir. June 30, 2014)). Plaintiff's basis for distinguishing Rajamin, i.e.,

3

that his claims are based on the relevant prospectus, and not the PSA, is unpersuasive. Plaintiff's amended complaint, contrary to his contention, asserts several claims based upon alleged violations of the PSA. See Amended Complaint Counts 11-13. In fact, the only time the word "prospectus" is used in the Amended Complaint is in reference to the PSA.

Plaintiff also takes issue with the February Opinion's determination that his mortgage was transferred in 2004, not 2012. See Pl.'s Mem. in Supp't 2. However, the February Opinion made clear that dismissal was warranted even if the assignment occurred in 2012. See February Opinion, 2015 WL 631404 at *5.

Accordingly, because no basis upon which reconsideration may be granted has been asserted, Plaintiff's motion must be denied. Moreover, Plaintiff's motion for reconsideration is also untimely because it was served more than 14 days after entry of the February Opinion. Local Civil Rule 6.3 mandates that a motion for reconsideration be served within 14 days after the entry of the order sought to be reconsidered. As the February Opinion was entered on February 13, 2015, Plaintiff was required to serve his motion for reconsideration by February 27, 2015. Plaintiff did not serve his motion until

4

March 2015.

**Conclusion**

Based on the conclusion set forth above, Plaintiff's motion is denied and the case remains closed.

It is so ordered.

**New York, NY**
**June 25, 2015**

_____
ROBERT W. SWEET
U.S.D.J.